UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RAY, III, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-15-343 |
| | : | |
| VIOLETTE GANOE, *et al.*, | : | (Judge Kosik) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**I.    Background**

Plaintiff, Thomas Ray, III, an inmate confined at the United States Penitentiary at Coleman, Florida, filed this Bivens[1] action in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this court on February 18, 2015 (Doc. 4). Named as defendants are Bureau of Prisons (BOP) staff members Violette Ganoe, Sharon Simone and John Manenti, who work at the Federal Correctional Complex at Allenwood. He alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

On June 23, 2015, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment (Doc. 15). In support thereof, a statement of material facts, a brief and evidentiary materials have been filed (Docs. 17 and 18). To date,

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff has not filed any opposition to the motion. Rather, on July 23, 2015, he filed a motion to appoint counsel in this case (Doc. 19). For the reasons that follow, his motion will be denied without prejudice.

## II.    Discussion

In support of his request for counsel, Plaintiff claims that: (1) there are many mistakes in Defendants' statement of material facts, and (2) he has proof that he has exhausted his administrative remedies, but does not know how to get this evidence to the court.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has

some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

>Upon successfully clearing the above hurdle, other factors to be examined are:
>
>>1. The plaintiff's ability to present his or her own case;
>>
>>2. The difficulty of the particular legal issues;
>>
>>3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>>
>>4. The plaintiff's capacity to retain counsel on his or her own behalf;
>>
>>5. The extent to which a case is likely to turn on credibility determinations; and,
>>
>>6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In requesting court-appointed counsel, Plaintiff fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56.  The pleadings submitted by Plaintiff so far are clearly written and the legal issues presented are not complex.  There is no indication that Plaintiff does not have access to the law library and legal materials.  It is also clear from the docket that he is able to prepare and submit documents with the court. Rather, it appears that Plaintiff seeks counsel because he is uncertain as to what he is required to do procedurally at this juncture of the case.  Because Defendants have

filed a motion to dismiss, or in the alternative, a motion for summary judgment, Plaintiff must now file his opposition to Defendants' motion in accordance with M.D. Pa. Local Rule 56.1.  As such, he is required to submit his opposing brief, any opposing evidentiary materials, and a separate statement of the material facts, responding to the numbered paragraphs set forth in the statement submitted by Defendants, as to which he contends that there exists a genuine issue to be tried.  In so doing, he should include references to the parts of the record he submits that support each of his statements.  See M.D. Pa. Local Rule 56.1.  He will be afforded twenty-one (21) days within which to do so.

Based on the foregoing, Plaintiff has been advised as to what he must do next in prosecuting this case.  As such, it cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the assistance of counsel.  This court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending request for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.  An appropriate order follows.