UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____
THOMAS RAY, III,                          :
                    Plaintiff,            :
                                          :    CIVIL ACTION NO. 3:15-CV-343
          v.                              :
                                          :         (Judge Kosik)
VIOLETTE GANOE, et al.,                   :
                    Defendants.           :
_____

**MEMORANDUM**

BACKGROUND

      Plaintiff, Thomas Ray, III, an inmate confined at the United States Penitentiary at Coleman, Florida, filed this Bivens[1] action in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this court on February 18, 2015 (Doc. 4). Named as defendants are Bureau of Prisons (BOP) staff members Violette Ganoe, Sharon Simone and John Manenti, who work at the Federal Correctional Complex at Allenwood.  Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs arising out of the medical treatment he received for a bladder condition.

      On June 23, 2015, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 15).  A statement of material facts, a brief and evidentiary materials were filed in support thereof (Docs. 17 and 18).  On July 23, 2015, Plaintiff filed a motion to appoint counsel (Doc. 19).  On July 28, 2015, a Memorandum and Order (Docs. 21 and 22) were filed denying Plaintiff's Motion for Counsel (Doc. 19) and allowing Plaintiff twenty-one (21) days in which to oppose Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

_____

[1]See, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On August 25, 2015, Plaintiff filed a Motion for Reconsideration (Doc. 24) of the denial of the Motion to Appoint Counsel.

On September 11, 2015, Magistrate Judge Martin C. Carlson filed a Report and Recommendation (Doc. 25), wherein he recommended that the Motion to Reconsider Appointment of Counsel (Doc. 24) be denied and that the Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 15) be granted.  On September 21 and September 23, 2015, Plaintiff filed Motions for Appointment of Counsel (Docs. 26 and 27).  On September 24, 2015, the Magistrate Judge denied Plaintiff's requests for appointment of counsel.  Plaintiff subsequently filed two more requests for appointment of counsel (Docs. 29 and 30), which were denied by the Magistrate Judge on September 30, 2015 (Doc. 31).

On October 15, 2015, we issued an Order (Doc. 33), adopting the Report and Recommendation of the Magistrate Judge, granting the Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, denying Plaintiff's request for an evidentiary hearing and appointment of counsel, and dismissing Plaintiff's complaint.  On November 3, 2015, Plaintiff filed a Motion for Reconsideration (Doc. 34)[2].  On November 10, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 35), recommending that the Motion for Reconsideration (Doc. 34) be denied.  On December 4, 2015, Plaintiff filed a Letter/Motion (Doc. 36), wherein he again requests counsel and discusses his case.

DISCUSSION

In the twenty-seven (27) page Report and Recommendation filed on September 11, 2015 (Doc. 25), the Magistrate Judge set forth several grounds why

_____

[2]In the Motion for Reconsideration/Letter (Doc. 34), Plaintiff requests the necessary forms to file an Appeal.  We will direct the Clerk of Court to provide these documents to Plaintiff.

dismissal of the Plaintiff's action is warranted.  First, the Magistrate Judge found that because Plaintiff failed to timely oppose Defendants' Motion pursuant to Middle District Local Rule 7.6, the Motion should be deemed unopposed.  The Magistrate Judge next discusses Fed. R. Civ. P. 41(b), regarding dismissal of claims for failure to prosecute, and whether the factors outlined in Poulis v. State Farm Fire and Cas. Co., 747 F. 2d 863, 868 (3d Cir. 1984) warrant dismissal for failure to prosecute. After considering each of the Poulis factors, the Magistrate Judge concluded that dismissal was warranted.  Finally, the Magistrate Judge concluded that Plaintiff's claims regarding medical treatment failed as a matter of law for three reasons: (1) failure to exhaust administrative remedies; (2) two of the Defendants are public health service officers and are immune from personal liability under Bivens, leaving the Federal Tort Claims Act as the exclusive avenue for relief; and (3) as a legal matter, a dispute between inmates and medical professionals concerning which of several available medications to use in treating a specific medical problem does not rise to the level of a constitutional infraction involving deliberate indifference to a serious medical need.  We adopted the Magistrate Judge's Report and Recommendation on October 15, 2015 (Doc. 33).

In the recent Report and Recommendation (Doc. 35), addressing the Plaintiff's Motion for Reconsideration, the Magistrate Judge again reviewed the posture of the instant case, the reasoning set forth in the September 11, 2105 Report and Recommendation (Doc. 25), and the legal standard governing motions to reconsider. The Magistrate Judge concluded that the Plaintiff has not met the legal standards to warrant reconsideration of our prior ruling.  Thus, he recommended that the Motion for Reconsideration (Doc. 34) be denied.

In his Letter/Objections (Doc. 36), Plaintiff references his complaints against this Judge and the Magistrate Judge, he requests legal counsel, and he asks the

court for help in proceeding with this action.  Having reviewed the documents submitted by Plaintiff, we do not find that reconsideration of our earlier Order is warranted.  While Plaintiff requests counsel, sets forth assertions that he is able to prove his allegations, and disagrees with the court's findings, Plaintiff has failed to submit any supporting documentation despite being given several opportunities to do so.  Moreover, none of Plaintiff's assertions warrant reconsideration of our earlier findings.

Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge (Doc. 35), recommending that the Motion for Reconsideration (Doc. 34) be denied.  An appropriate Order follows.